**No. 53821.**—Briones & Co., Inc., et al. *v.* United States, protests 130266–K, etc. (New York).

Opinion by JOHNSON, J. It was stipulated that the merchandise and issues are the same in all material respects as those in *Austin, Nichols & Co., Inc.* v. *United States* (22 Cust. Ct. 33, C. D. 1155). For the reasons stated in the cited authority, the first claim of the plaintiffs was sustained. It was also stipulated that the merchandise, issues, and facts herein are similar to those involved in *United States* v. *Browne Vintners Co., Inc.* (34 C. C. P. A. 113, C. A. D. 351). Following the cited authority it was held that an allowance in duties and internal revenue taxes should be made as to the merchandise respecting the quantities reported by the discharging inspectors as not landed, or as manifested, not found. The protests were sustained to the extent indicated.

**No. 53822.**—Alltransport, Incorporated *v.* United States, protest 146379–K (New York).

Opinion by JOHNSON, J. At the trial the memorandum of the collector and the papers in the case were admitted in evidence. The special report of the surveyor, attached to the entry, admitted error in measuring the marble, recommending that the invoice measurements were more correct. The collector's office agreed that the consular invoice measurements of each block be taken as the actual measurements and by computation this would be 1,238 cubic feet for the importation. In view of the evidence presented the collector was directed to reliquidate the entry, assessing duty at the 65-cent rate under paragraph 232 upon the basis of 1,238 cubic feet.